IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br>**Joseph John Sunday,**<br>　　　　Debtor. | Case No. 25-12436-KHK<br>Chapter 13 |
| **Sunrise Senior Living Management, Inc.,**<br>**acting as manager on behalf of Welltower**<br>**OPCO Group LLC, owner of The Jefferson**<br>**Residential Condominium,**<br>　　　　Movant,<br>v.<br>**Joseph John Sunday and**<br>**Thomas P. Gorman, Chapter 13 Trustee,**<br>　　　　Respondents. | Relief from Stay |

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**
**(900 North Taylor Street, Apt. 2022, Arlington, VA 22203-1879)**

THIS MATTER came on before the Court for hearing on January 8, 2026, upon the *Motion for Relief from Automatic Stay* (Docket No. 18) (the "Motion") filed by Sunrise Senior Living Management, Inc. ("Sunrise"), acting as manager on behalf of Welltower OPCO Group LLC ("Welltower"), as owner of The Jefferson Residential Condominium (collectively, "Movant"), seeking entry of an Order granting Movant relief from the automatic stay to enforce all of its contractual and state law rights as the current owner of improved residential real property more particularly described below; and it

APPEARING TO THE COURT that Joseph John Sunday ("Sunday" or "Debtor"), the debtor herein, has not answered or otherwise responded to the *Motion*; and that all facts alleged in the *Motion* are taken as admitted; and it

FURTHER APPEARING TO THE COURT that Welltower, as the holder of reversionary rights reflected in a *Deed of Bargain and Sale* (the "Original Deed") dated January 29, 1993, and recorded on February 1, 1993, among the Land Records of Arlington County, Virginia, in Deed Book 2572 at Page

---

Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-879-2676 (Direct)
rmmarino@rpb-law.com
Counsel for Sunrise Senior Living Management, Inc.,
acting as manager on behalf of Welltower OPCO Group LLC,
as owner of The Jefferson Residential Condominium

537, is the current owner of a residential condominium unit located at 900 North Taylor Street, Apt. 2022, Arlington, VA 22203-1879 (the "Condominium Unit"), and more particularly described as Condominium Unit No. 2022 in The Jefferson Residential Condominium (the "Condominium"), located in Arlington County, Virgina; and it

FURTHER APPEARING TO THE COURT that the Condominium Unit is located in a portion of the Condominium that is configured as a self-contained retirement community and commonly known as Unit 3 of the Jefferson Senior Living Condominium Community (the "Unit 3 Community"), offering "Retirement Community Services," including meal service, access to recreational, community and health care facilities and activities, and additional or alternative services typically provided to those persons living in a self-contained retirement community; and it

FURTHER APPEARING TO THE COURT that the *Original Deed* expressly recognized that (i) Retirement Community Services would be offered to the grantee of the Condominium Unit, (ii) grantee would be required to pay a "Monthly Service Fee" under the terms of a "Services Agreement" executed between the operator of the Unit 3 Community (i.e., the provider of the Retirement Community Services) and the owner of the Condominium Unit, and (iii) in the absence of a Services Agreement, the grantee would be required to pay a "Minimum Required Fee," consisting of not less than seventy-five percent of the Monthly Service Fee; and it

FURTHER APPEARING TO THE COURT that, under the terms of the *Original Deed*, the grantor (also referred to as the "Revertee") of the Condominium Unit retained a reversionary interest that would cause fee simple title to the Condominium Unit to revert automatically from the grantee (also referred to as the "Revertor"), and without further action by grantor or any other person, to the Revertee; that the possibility of reverter was triggered by the operation of a "Special Limitation" provision in the *Original Deed* which provided that the fee simple ownership interest of Revertor in the Condominium Unit would "continue only UNTIL: (a) more than two hundred seventy consecutive days elapse (i) without full payment being made under any and all Services Agreements for the Condominium Unit, AND (ii) if a Services Agreement for the Condominium Unit is not in effect during any portion of the

270-day period, without the Minimum Required Fee for the entire 270-day period being paid, AND (b) if the Condominium Unit is encumbered by a Mortgage, more than ninety days elapse after notice has been given to the Mortgagee…of the existence and nature of facts which have caused the 270-day period to commence and that reversion of title and loss of the Mortgagee's security will occur if corrective action is not taken;" that if fee simple title to the Condominium Unit reverts to the Revertee by operation of the Special Limitation, the Original Deed provides that "there shall be a presumption of the validity of title in the Revertee if there is recorded among the land records of Arlington County, Virginia, an affidavit by the Revertee that fee simple title has reverted by operation of the Special Limitation and that the Revertor and any Mortgagee of the Condominium Unit were notified of the reversion;" and that "such presumption shall become irrebuttable thirty days after recordation of such affidavit if an action by the Revertor or the Mortgagee to contest such reversion is not filed within such thirty-day period;" and it

FURTHER APPEARING TO THE COURT that, after title reverts to the Revertee, the *Original Deed* contemplates that the Revertee may sell the Condominium Unit to an unrelated third party; and that at closing of such sale, the Revertee is required to pay the Revertor the net proceeds of sale after full payment of (i) all costs and expenses of sale, (ii) the amounts owed to any mortgage lender with a lien on the Condominium Unit, and (iii) the Monthly Service Fees (or the Minimum Required Fees if there is no Services Agreement), together with interest and all costs of collection, accruing through the date of closing; and it

FURTHER APPEARING TO THE COURT that all sums accruing under any Services Agreement for the Condominium Unit, together with interest and costs of collection (including reasonable attorneys' fees), are expressly secured by a lien in the Condominium Unit; and it

FURTHER APPEARING TO THE COURT that in early-2017, the Federal National Mortgage Association ("FNMA") acquired title to the Condominium Unit by recordation of a deed in lieu of foreclosure; that FNMA conveyed the Condominium Unit to Sunday by a deed recorded among the Land Records as Instrument No. 20170100009257; that on June 15, 2017, Sunday executed a *Services Agreement* (the "Sunday Services Agreement") with Sunrise, the provider of Retirement Community

3

Services in connection with the Condominium Unit, effective on May 5, 2017; and that Sunday received Retirement Community Services from Sunrise under the terms of the *Sunday Services Agreement*; and it

  FURTHER APPEARING TO THE COURT that on December 19, 2024, Sunrise sent Sunday a written "Notice of Default," advising that as of September 1, 2024 (the "Default Commencement Date"), Sunday was in default for failure to pay the sum of $13,151.56 in fees arising under the *Sunday Services Agreement*; that the default notice advised that if the default was not cured on or before January 2, 2025, the *Sunday Services Agreement* would be terminated and Sunday would be responsible for Minimum Required Fees; and that the default notice expressly advised Sunday that if he remained in default for 270 days after September 1, 2024, then Welltower would pursue its remedies, including the automatic reversion of fee simple title to the Condominium Unit; and it

  FURTHER APPEARING TO THE COURT that more than 270 consecutive days elapsed from the Default Commencement Date without full payment being made of the Monthly Service Fee accruing under the *Sunday Services Agreement*, nor did Sunday tender the Minimum Required Fee; and it

  FURTHER APPEARING TO THE COURT that on August 25, 2025, Sunrise sent Sunday a written "Notice to Revertor of Reversion," formally notifying him that the 270-day period commenced on September 1, 2024, and that on May 29, 2025, fee simple title to the Condominium Unit reverted automatically to Welltower by operation of the Special Limitation contained in the *Original Deed*; that on August 27, 2025, in accordance with the requirement of the Special Limitation contained in the *Original Deed*, Welltower signed an *Affidavit of Revertee* and recorded it among the Land Records on August 29, 2025, as Instrument No. 20250100011232; that the *Affidavit of Revertee* expressly reflected that the Condominium Unit reverted to Welltower, as Revertee, on May 29, 2025; and that Sunday failed to timely contest the reversion within the thirty-day period specified in the *Original Deed*, such that there is now an irrebuttable presumption of validity of fee simple title in Welltower, as Revertee; and it

  FURTHER APPEARING TO THE COURT that Welltower has entered into a contract to sell all of its right, title and interest in and to the Condominium Unit to Carolyn and Richard Stiener (collectively, the "Current Purchaser"), as third-party purchasers; that closing on the sale to the Current

4

Purchaser was scheduled to take place on November 21, 2025; that to facilitate closing, Sunrise sent written notice that Sunday immediately vacate and surrender possession of the Condominium Unit; and that Sunday did not respond to Sunrise's demand to vacate and tacitly refused to surrender possession of the Condominium Unit; and it

FURTHER APPEARING TO THE COURT that November 19, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et se*q. (the "Bankruptcy Code"), thereby commencing the instant case in the above-captioned Court; and that Thomas P. Gorman ("Trustee") is the standing Chapter 13 Trustee in this case; and it

FURTHER APPEARING TO THE COURT that as of the Petition Date: (i) the Debtor has no ownership interest in the Condominium Unit, but continues to occupy the premises, and (ii) Sunday owed Monthly Service Fees and Minimum Required Fees of $21,805.59, plus interest and all costs of collection, including attorneys' fees, under the terms of the *Sunday Services Agreement*; and that additional Minimum Required Fees, interest and collection costs are accruing under the *Sunday Services Agreement* for so long as Sunday continues to occupy the Condominium Unit; and it

FURTHER APPEARING TO THE COURT that if Debtor vacates the Condominium Unit and Welltower is permitted to close on the sale to the Current Purchaser or sell to another third-party purchaser, all net proceeds of sale—after payment of all costs of sale, all unpaid real estate taxes, all unpaid condominium association fees, and all amounts owed to Sunrise for Monthly Service Fees and Minimum Required Fees, along with all accrued interest and collection costs thereon—will be paid to the Trustee at closing in accordance with the Special Limitation requirements set forth in the *Original Deed*; and it

FURTHER APPEARING TO THE COURT that cause exists to lift and terminate the automatic stay, pursuant to 11 U.S.C. §362(d)(1), because (i) Debtor, as Revertor, no longer holds any record title in the Condominium Unit, other than a right of his bankruptcy estate to receive at closing the net proceeds of sale (after payment of all costs of sale, all unpaid real estate taxes, all unpaid condominium association

5

fees, and all amounts owed for Retirement Community Services provided in connection with the Condominium Unit, along with interest and costs of collection) pursuant to the requirements of the Special Limitation in the *Original Deed*, (ii) there is no basis under the Bankruptcy Code or applicable non-bankruptcy law to restore title in the Condominium Unit to the Debtor, and (iii) Debtor has no further right to possession of the Condominium Unit; it is therefore

ORDERED, that the *Motion* be, and it hereby is, GRANTED; and that the automatic stay imposed by 11 U.S.C. §362(a) is hereby lifted and terminated so as to permit Sunrise to (i) evict Sunday from the Condominium Unit, and (ii) close on the sale of the Condominium Unit to the Current Purchaser or remarket the Condominium Unit, execute a new contract and close thereon, all subject to payment to the Trustee of the net proceeds of sale after payment of all costs of sale, all unpaid real estate taxes, all unpaid condominium association fees, all amounts owed to Sunrise for Monthly Service Fees and Minimum Required Fees, along with all accrued interest and collection costs; and it is

FURTHER ORDER that this Court shall retain jurisdiction to enforce the terms of this Order; and it is

FURTHER ORDERED that Sunrise's request for waiver of the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) be, and it hereby is, denied.

Dated: Jan 12 2026

/s/ Klinette H Kindred
Klinette H. Kindred
United States Bankruptcy Judge

I ask for this:

/s/ Robert M. Marino
Robert M. Marino, Esq.  VSB #26076
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, Virginia 22314-3143
Phone: 703-879-2676 (Direct)
Email:  rmmarino@rpb-law.com
Counsel for Sunrise Senior Living Management, Inc.,
acting as manager on behalf of Welltower OPCO Group LLC,
as owner of The Jefferson Residential Condominium

Entered On Date: Jan 12 2026

6

Seen and Objected to:

/s/ Richard Owen Bolger (with written permission)
Richard Owen Bolger, Esq. VSB #22994
Bolger Law Firm, PLLC
10347 Democracy Lane
Fairfax, VA 22030
Phone: 703-383-9595
Email: richard@bolgerlaw.com
Counsel for Joseph John Sunday

Seen:

/s/ Thomas P. Gorman (with written permission)
Thomas P. Gorman, Chapter 13 Trustee
1414 Prince Street, Ste. 202
Alexandria, VA 22314


Copies to:

Robert M. Marino
Redmon Payton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314

Richard Owen Bolger, Esq.
Bolger Law Firm, PLLC
10347 Democracy Lane
Fairfax, VA 22030

Joseph John Sunday
900 North Taylor Street, Apt. 2022
Arlington, VA 22203-1879

Thomas P. Gorman, Chapter 13 Trustee
1414 Prince Street, Ste. 202
Alexandria, VA 22314